IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WAYNE GILPATRICK**   **PETITIONER**

**VERSUS**   **CIVIL ACTION NO. 3:13CV259 HTW-LRA**

**WARDEN EYDIE WINKLE**   **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Wayne Gilpatrick filed a petition for federal habeas corpus relief on May 2, 2013. Respondent moves to dismiss the petition for failure to exhaust available state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The Court recommends that his petition be dismissed with prejudice for the reasons that follow.

Gilpatrick was convicted of three counts of "driving under the influence of alcohol and negligently causing mutilation," in the Circuit Court of Rankin County, Mississippi. He was sentenced to concurrent 25-year terms on each count in the custody of the Mississippi Department of Corrections ("MDOC"). Gilpatrick does not challenge his underlying convictions in the instant petition for relief, but rather the loss of 30[1] days of earned time. MDOC records reflect that Gilpatrick was issued a Rule Violation Report on November 16, 2012, for the possession of contraband (a cell phone) resulting in the loss of earned time. Aggrieved, Gilpatrick filed a complaint with the MDOC

---

[1] Doc 1, pp. 1, 6
Doc 10-2, p. 1

Administrative Remedy Program (ARP) which was denied. He asserts that he was denied due process during the proceedings regarding notice, investigation, witnesses and timing of the hearing in violation of MDOC policy.

On March 1, 2013, Gilpatrick signed an ARP form acknowledging that he had completed the administrative remedy program and was eligible to seek judicial review within 30 days. Nothing of record indicates that Gilpatrick sought judicial review of the denial of his loss of earned time in state court before filing the instant petition for relief.[2]

Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[3] *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas

---

[2] ECF Nos. 10-1–10-4.

[3] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>    (A) the applicant has exhausted the remedies available in the courts of the State; or
>    (B)(i) there is an absence of available State corrective process; or
>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>                . . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

Although Gilpatrick argues in his traverse that he exhausted his state remedies by completing the MDOC's administrative remedy program, exhaustion required him to present his claims to the state's highest court in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). To satisfy AEDPA's exhaustion requirement, upon completion of the administrative remedy program and receipt of the appropriate certificate, Petitioner was required to appeal the ruling within 30 days, to the appropriate circuit court and then to the Mississippi Supreme Court. *See* Miss. Code Ann. § § 47-5-801 – 807 as amended; *Stokes v. State*, 984 So.2d 1089 (Miss. Ct. App. 2008) (inmate appealed MDOC 's denial of administrative remedy regarding calculation of his sentence); *Lee v. Kelly*, 34 So.3d 1203, 1205 (Miss. Ct. App. 2010) (inmate appealed MDOC 's denial of administrative remedy regarding earned time credit). Because Gilpatrick failed to challenge the loss of

his earned time within the required 30 days, he has defaulted on his opportunity to appeal denial of his claim in state court. *See* Miss Code. Ann § 47-5-803 (2).

When state remedies are rendered unavailable by Petitioner's own procedural default, or when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (quoting *Steel v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993)); *see also Coleman v. Thompson*, 501 U.S. 722, 736 n.1. (1991). To overcome the default, Gilpatrick would have to show "cause for the default and actual prejudice" or that "failure to consider the claim will result in a fundamental miscarriage of justice." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998). No such showing has been made here. He offers no explanation for his failure to appeal the ARP's decision in state court, nor has he demonstrated that failure to consider his claim on the merits will result in fundamental miscarriage of justice. He erroneously claims instead that under *Rose v. Lundy*, 455 U.S. 509, 523 (1982), he was not required "to utilize every available state procedure in order to satisfy the exhaustion requirement," and requests that an evidentiary hearing be conducted on the merits of his habeas claim. But as Respondent argues, Gilpatrick's reliance on *Lundy* is misplaced. He has not presented a mixed petition of exhausted and unexhausted claims, nor has he presented adequate grounds for an evidentiary hearing. His petition must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*

*v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

For these reasons, the Court finds that his petition should be dismissed with prejudice for failure to exhaust available to state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 23rd day of December 2013.

                                              /s/  Linda R. Anderson
                                   UNITED STATES MAGISTRATE JUDGE